IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEA CUNNINGHAM and <br> ANTHONY ROBINSON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) <br> ) | COMPLAINT FOR VIOLATION |
| PATRICK JOHNSON, Star No. #20637, <br> UNKNOWN AND UNNAMED OFFICERS, <br> and THE CITY OF CHICAGO, | ) <br> ) <br> ) <br> ) | OF CIVIL RIGHTS AND STATE <br> SUPPLEMENTAL CLAIMS |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiffs Lea Cunningham ("Cunningham" or "Plaintiff) and Anthony Robinson ("Robinson" or Plaintiff) were and now are citizens of the United States and reside within the jurisdiction of this Court.

4. At all times herein mentioned, Patrick Johnson, Star No. 20637, ("Individual Defendant" or "Johnson"), was employed by the City of Chicago and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This officer is being sued in his individual/personal capacity.

5.　At all times herein mentioned, an unknown number of UNKNOWN and UNNAMED OFFICERS were employed by the City of Chicago and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These officers are being sued in their individual/personal capacities. Plaintiffs will seek leave to amend the complaint to add their names as soon as they as they discovered.

6.　At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

### FACTUAL ALLEGATIONS

7.　On or around June 26, 2009, Plaintiffs were lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

8.　On that day and place, the individual defendants detained Plaintiffs.

9.　There was no legal cause to detain Plaintiffs.

10.　On that day and place the individual defendants seized Plaintiffs.

11.　Plaintiffs did not consent to being seized.

12.　There were no outstanding arrest warrants for Plaintiffs.

13.　There was no legal cause to seize Plaintiffs.

14.　During their interaction with Plaintiffs, the individual defendants used force against Plaintiffs.

15.　There was no legal cause for the individual defendants to use force against Plaintiffs.

16.　Each individual defendant witnessed the others use unnecessary and excessive force against Plaintiffs.

17.　Every defendant failed to take any action to protect Plaintiff from the force used by the

others.

18. That same day and continuing thereafter, Patrick Johnson wrote out a false traffic ticket to Plaintiff Robinson. There was no legal or factual basis for writing this ticket.

19. On or around August 6, 2009, the ticket was dismissed.

20. By reason of the above-described acts and omissions of defendants, both Plaintiffs sustained injuries, including but not limited to humiliation and indignities and mental and emotional pain and suffering, all to their damage in an amount to be ascertained. Plaintiff Cunningham also suffered physical injuries, to her damage in an amount to be ascertained.

21. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages against the individual defendants in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in this action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiffs Against Individual Defendants for
### Unlawful Detentions and False Arrests

23. Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

24. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

25. The detentions and arrests of Plaintiffs as alleged above were caused by Defendants and were done without probable cause and were unreasonable. Therefore, Defendants are liable for these detentions and arrests under 42 U.S.C. § 1983.

## COUNT II
### Plaintiffs Against Individual Defendants for Excessive Force

26. Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

27. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

28. The violence inflicted upon Plaintiffs was unnecessary and unreasonable and was therefore in violation of Plaintiffs' Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted excessive force. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs Against Individual Defendants for Unreasonable Searches

29. Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

30. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

31. Defendants unlawfully searched Plaintiffs without Plaintiffs' consent, unreasonably, and without legal cause. Therefore, Defendants are liable for unlawful searches under 42 U.S.C. § 1983.

## COUNT IV
### Plaintiff Robinson Against Defendant Johnson for the Supplemental State Claim of Malicious Prosecution

32. Plaintiff hereby incorporates and re-alleges paragraphs (1) through twenty (20) hereat as though fully alleged at this place.

33. Defendant Johnson wrote Plaintiff a false traffic ticket.

34. Johnson, employed by the City of Chicago, maliciously commenced and caused to be continued this proceeding against Plaintiff without probable cause.

35. Johnson facilitated this malicious prosecution by the creation of a false criminal ticket, false evidence, and/or by giving false police reports.

36. The above-mentioned proceeding against Plaintiff was terminated in his favor.

37. The City of Chicago is liable to Plaintiff for the acts of the Johnson, pursuant to the doctrine of *respondeat superior*.

38. Therefore, Johnson and the City of Chicago are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the plaintiffs LEA CUNNINGHAM and ANTHONY ROBINSON, by and through their attorneys, Ed Fox & Associates, request judgment as follows against the defendants, and each of them on all claims:

1. That Defendants be required to pay general damages to Plaintiffs, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay special damages to Plaintiffs;

3. That Defendants be required to pay attorney's fees to Plaintiffs pursuant to Section1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants be required to pay punitive and exemplary damages

to Plaintiffs in a sum to be ascertained;

     5.     That Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

     6.     That Plaintiffs have such other and further relief as this Court may deem just and proper.

          Respectfully submitted,

          /s/Julie M. Owen
          Julie M. Owen

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
North Chicago, Illinois 60606
(312) 345-8877
jowen@efox-law.com

**PLAINTIFF REQUESTS A TRIAL BY JURY**

          /s/Julie M. Owen
          Julie M. Owen

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
North Chicago, Illinois 60606
(312) 345-8877
jowen@efox-law.com