IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEA CUNNINGHAM and ANTHONY ROBINSON, | ) ) ) | **No. 10 C 2997** |
| Plaintiff(s), | ) ) | JUDGE ELAINE E. BUCKLO |
| vs. | ) ) | Magistrate Judge Mason |
| PATRICK JOHNSON, Star No. 20637, JAMES DAVIS, Star No. 17108, DALE CARIDINE, JR., Star No. 13333, UNKNOWN AND UNNAMED OFFICERS, and THE CITY OF CHICAGO, | ) ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) | |

## MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendants' Patrick Johnson, James Davis, Dale Caridine and City of Chicago, by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago, moves this Court pursuant to Fed.R.Civ.P. 26(c), for entry of a protective order. In support thereof, the City states as follows:

1. Documents pertaining to the parties and non-parties will be sought and produced in these matters, including the production of personnel files and information such as disciplinary histories, Complaint Registers, confidential juvenile records, confidential information regarding third-parties, and medical information covered by the Health Insurance Portability and Accountability Act. Complaint Registers contain personnel record information regarding party and non-party police officers (including but not limited to personnel files and information, disciplinary documents, personal identifiers of officers and their families and financial information), and personal identifiers of non-party civilian witnesses. Complaint Registers may also include medical information protected by federal law.

2.  Personnel files, disciplinary histories and related information are protected by: the the <u>Illinois Personnel Records Review Act</u> 820 ILCS 40/0.01, which protects the disclosure of employee personnel files, disciplinary histories and related information; Section 7 of the <u>Illinois Freedom of Information Act</u>. 5 ILCS 140/1 et. seg., which exempts personnel files and documents appropriately contained in personnel files (<u>i.e.</u>, disciplinary records) from disclosure; and Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules[1], which prevent lawyers from making extrajudicial statements the lawyer knows or reasonably should know is likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.

3.  The City's proposed Protective Order would govern the discovery stage of this litigation and would prohibit the use of the specifically identified confidential information for any purpose other than the litigation of these cases. The order would further prohibit the dissemination of this specifically identified material and information contained therein to parties outside this litigation, and requires their return or destruction to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law and protect against unfairness in the trial process.

4.  For the foregoing reasons, good cause is established for entry of the proposed protective order.

---

"The Committee Comments to the Local Rules acknowledge that it is "difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression." The Committee explains that "[preserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where a trial by jury is involved]."

5. The language contained in the proposed protective order mirrors the language found in the protective orders entered in numerous federal civil rights cases brought against the City of Chicago and entry of such an order will facilitate the exchange of discovery in these cases.

**WHEREFORE,** the City requests that this Court enter the attached Protective Order.

**DATED: October 7, 2010**

        MARA S. GEORGES
        Corporation Counsel of the City of Chicago

By:  /s/ Le'Ora Tyree

        Assistant Corporation Counsel
        Attorney for Defendant City of Chicago

30 N. LaSalle, Ste. 900
Chicago, IL 60602
(312) 744-6905

CERTIFICATE **OF SERVICE**

I Rita Moran, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **MOTION FOR ENTRY OF A PROTECTIVE ORDER** to be sent via e-filing delivery (except where noted), on October 7, 2010, to attorneys of record.

        By:  /s/ Le'Ora Tyree
                Le'Ora Tyree
               Assistant Corporation Counsel