IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEA CUNNINGHAM and ANTHONY ROBINSON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| PATRICK JOHNSON, Star No. #20637, UNKNOWN AND UNNAMED OFFICERS, and THE CITY OF CHICAGO, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 10 C 2997

JUDGE

Magistrate Judge

**JURY DEMANDED**

### REPLY IN FURTHER SUPPORT OF DEFENDANT JAMES DAVIS MOTION TO DISMISS PLAINTIFFS' STATE COURT MALICIOUS PROSECUTION CLAIM

Defendant Officer James Davis ("Officer Davis"), by and through his attorney, Le'Ora Tyree, Assistant Corporation Counsel, respectfully move this Honorable Court to dismiss Plaintiff's malicious prosecution claim against him. In support of this motion, Officer Davis states as follows:

Plaintiff admits that he did not name Officer Davis within the one year statute of limitations. The sole issue before this Court was whether Plaintiff's amendment related back to the original complaint and that he met his burden under Federal Rule 15(c)(1)(c)(B) to add a new party. However in Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff failed to demonstrate that his amendment met this burden. Therefore, this Court must dismiss Plaintiff's malicious prosecution claim against Officer Davis.

#### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM MUST BE DISSMISSED

Plaintiff has failed to show this Court how his complaint relates back for the purposes of adding a new party. Rule 15(c)(1)(c) provides that "Rule 15(c)(1)(B) is satisfied" *and* the party is served within the time allowed in Rule 4m *and* the party "received such notice of the action that it

will not be prejudiced in defending on the merits..." *and* the party "knew or should have known that the action would have been brought against [him], but for a mistake concern the proper party's identity. Federal Rule of Civil Procedure 15 (c)(1)(C). Plaintiff must prove that he complied with all of the provisions of Rule 15 before he allowed to add Officer Davis to his malicious prosecution claim. Plaintiff has failed to meet his burden.

By the time Officer Davis knew that he was a Defendant in a lawsuit, his defenses were already prejudiced. See, Federal Rule of Civil Procedure 15(c)(1)(C)(i) (the party being brought in by amendment must "receive such notice of the action that it will not be prejudiced in defending on the merits."). Officer Davis was present at the traffic court hearing where Plaintiff informed the traffic court judge that he fixed the broken headlights in compliance with the City ordinance. The City records traffic hearing, but those tapes are retained under one a one year. Because Plaintiff waited for over a year to name and serve Officer Davis, he is now unable to obtain the tape recording of the traffic hearing that would have helped his defense. Further, Officer Davis will not be able to call on attorneys who prosecuted the ticket or the judge who non-suited the traffic ticket because their memories have faded and they no longer recall a traffic ticket that was argued over a year ago. If Officer Davis had been named and served within the statute of limitations, he would have been able to defend Plaintiff's allegations and preserve evidence related to his malicious prosecution claim. Accordingly, Plaintiff has not satisfied Rule 15(c)(1)(C)(i).

Likewise, Plaintiff does not met the standard of Rule 15(c)(1)(C)(ii). Rule 15(c)(1)(C)(ii) states that an amendment made to add a new party relates back to the original complaint "only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." Hall v. Norfolk So. Railway Co., 469 F.3d 590, 596 (7th Cir. 2006) (quoting Wood v. Worachek, 618 F.2d 1225, 1229 (7th Cir. 1980)). Mistake cannot be defined broadly. Velva v. Wheeler, 2007 WL 2473488, at *9 (citations omitted). The Seventh Circuit

2

has "repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." Hall v. Norfolk Southern Railway Co., 469 F.3d 590, 596 (7th Cir., 2006) (stating that "a plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake as to the defendant's 'identity'"); King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 914 (7th Cir. 2000); Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998); Worthington v. Wilson, 8 F.3d 1253, 1257 (7th Cir. 1993). It is Plaintiff's responsibility to determine the proper defendant to sue and to do so prior to the expiration of the statute of limitations. Hall, 469 F.3d at 596.

The Seventh Circuit has even held pro se litigants to this strict standard. In King v. One Unknown Fed. Corr. Officer, a pro se plaintiff filed a complaint against only one defendant, "one unknown federal correctional officer," for alleged violations of his Eighth Amendment rights. King, 201 F.3d at 212. Plaintiff filed his pro se action approximately two months prior to the expiration of the statute of limitations governing his claims. Id. at 911. Four years later, the district court judge concluded that even were plaintiff to identify the proper defendant, an amended complaint naming that defendant would not relate back to plaintiff's original, timely filed complaint. Id. As such, the district court dismissed plaintiff's complaint *sua sponte*. Id. On appeal, the Seventh Circuit concluded that plaintiff did not satisfy the mistake requirement of Rule 15(c) as plaintiff possessed "a simple lack of knowledge of the identity of the proper party." Id. at 914 (quoting Baskin, 138 F.3d at 704-05). The Seventh Circuit found that any attempt by plaintiff to amend his complaint to add a named defendant would be futile. Id. at 915.

Similarly, in Baskin v. City of Des Plaines, the Seventh Circuit upheld the district court's granting of an individual defendant's motion to dismiss a complaint based upon plaintiff's failure to name him prior to the expiration of the statute of limitations. Baskin, 138 F.3d at 704. In Baskin, plaintiff filed a lawsuit against the City of Des Plaines and unknown police officers alleging that his

3

constitutional rights were violated during a traffic stop. Id. at 703. Plaintiff filed his lawsuit approximately two months prior to the expiration of the two-year statute of limitations. Id. Approximately two weeks after the statue of limitations expired plaintiff filed a first amended complaint that continued to designate the defendants as the City of Des Plaines and unknown police officers. Id. One month later, plaintiff filed a second amended complaint in which he added a named police officer as a defendant. Id. The named defendant officer then filed a motion to dismiss the second amended complaint, arguing that the relation back provision of Rule 15(c) was inapplicable. Id. The Seventh Circuit ruled that plaintiff did not make a mistake when he failed to identify the police officer in his original complaint, but rather that he simply did not know who that officer was. Id. at 704. Therefore, the Seventh Circuit held that plaintiff's naming of the police officer defendant in his second amended complaint did not relate back to the filing of his original complaint. Id.

  In this case, Plaintiff relies on the assertions that he did not know who allegedly violated his civil rights and did not have the traffic ticket to name the correct person. Plaintiff's Response to Defendant's Motion to Dismiss, Dkt# 24, ("Plaintiff's were no longer in possession of the traffic ticket that had been issued to ROBINSON. Plaintiff mistakenly believed that the ticket had been written by Defendant PATRICK JOHNSON."). Plaintiff then suggests that Officer Davis should have known he was a proper party simply because he is a police officer and there was a lawsuit pending in federal court against another police officer, Officer Johnson. Such assertions defy logic.

  In this case, it is clear that Plaintiff did not know who to sue and he did not have his traffic ticket within the statute of limitation. As illustrated in King and Baskin, the statute of limitations should not be tolled when the only issue is whether Plaintiff knew that he was suing the correct person. King, 201 F.3d at 212; Baskin, 138 F.3d at 704. In fact, the courts in King and Baskin suggest that the court should not allow Plaintiff to name Officer Davis after the expiration of the

4

statute of limitations when Officer Davis did not receive actual notice of the lawsuit, i.e. subpoena, complaint, court filings, etc. Id.

The fact that Officer Davis happens to be one of thousands of Chicago Police Officers does not mean that he would have notice that Officer Johnson, who he does not know and has never worked with, was being sued in a federal law suit. The fact Officer Davis wrote Plaintiff a traffic ticket is not enough evidence to suggest that Officer Davis should have known that Plaintiff filed a federal lawsuit against another Chicago Police Officer. Moreover, the fact that Plaintiff sued Officer Johnson when he should have sued Officer Davis does not mean that Officer Davis should or would have known that he was a potential defendant in a lawsuit. Thus, it is absurd to suggest that Officer Davis would have or should have known that he was the proper litigant—in a case he did not know existed—that was filed against a person he does not know.

Furthermore, it was not the City of Chicago's burden to make certain that Plaintiff named all Defendants within the applicable statute of limitations. Plaintiff stated that he lost his traffic ticket. A traffic ticket is part of the public record and easily obtainable for a nominal copying fee. If Plaintiff knew that the statute on his claim was near expiration, then he should have– and could have– issued discovery requests to Defendants, but he did not. Plaintiff should have and could have sought court intervention to obtain necessary documentation, but he did not. More pointedly, Plaintiff could have obtained a copy of the traffic ticket himself, but he did not. In short, Plaintiff did not diligently pursue his prosecution or seek evidence relating to his claims. Instead, Plaintiff waited until the City provided him with information.

The Rules do not excuse Plaintiffs lack of inaction, and neither should this court. Plaintiff should not be allowed to skirt the Rules and point fingers when he did nothing to provide proper notice to Officer Davis of this lawsuit or prosecute his claims. The statute of limitations was established to prevent Plaintiffs from brining stale claims and allowing defendants- individual

defendants- the opportunity to present a defense. That opportunity has been taken away from Officer Davis because of Plaintiffs delay and will unduly prejudice his defense against Plaintiff's malicious prosecution claim.

     WHEREFORE, Defendants Officer Davis respectfully requests that this Honorable Court dismiss Plaintiff's state claim of malicious prosecution with prejudice and grant any other relief deemed just and fair.

                                              Respectfully submitted,

                                              By:    /s/ Le'Ora Tyree
                                                      LE'ORA TYREE
                                                      Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-6905 (Phone)
(312) 744-6566 (Fax)