IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEA CUNNINGHAM and ANTHONY ROBINSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 10-cv-2997 |
| PATRICK JOHNSON, Star No. 20637, JAMES DAVIS, Star No. 17108, DALE CARIDINE, JR., Star No. 13333, UNKNOWN AND UNNAMED OFFICERS, and CITY OF CHICAGO, | ) ) ) ) ) ) | Judge Elaine E. Bucklo<br><br>Magistrate Judge Michael T. Mason |
| Defendants. | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendants Patrick Johnson, James Davis, Dale Caridine, Jr., and City of Chicago (collectively, "Defendants") respectfully submit this reply in support of their Motion for Entry of a Protective Order (ECF No. 19).

**I. INTRODUCTION**

Plaintiffs Lea Cunningham and Anthony Robinson (collectively, "Plaintiffs") sued the Defendants with various civil rights and state law claims arising from a traffic stop and prosecution of a traffic ticket. (See Pls.' First Am. Compl. (ECF No. 13).)

On October 7, 2010, after the parties had reached an impasse on a proposed protective order, Defendants sought the entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. (See Defs.' Mot. ¶¶ 1–5.) The proposed protective order identifies confidential information sought and produced in this action and specifies terms of production. (Id. ¶¶ 1, 3.) It specifically encompasses "Complaint Registers" ("CRs")—records underlying complaints and investigation of misconduct—which contain information about Defendants, Plaintiffs, and

nonparties, including personnel files and information, disciplinary documents, personal identifiers, financial information, and possibly medical information. (Id. ¶ 1.)

The impasse and basis of the motion stem from this Court's routine findings that CRs are properly designated confidential under Rule 26(c), applying statutory protections. (Id. ¶ 2–4). Indeed, Plaintiffs have objected solely to the portion of the sought protective order designating the "citizen complaints against police officers confidential." (Pls.' Resp. 3 (ECF No. 23).) And Plaintiffs argue that "good cause" under Rule 26(c) does not exist beyond one aspect of one provision of the Freedom of Information Act ("FOIA"), 5 Ill. Comp. Stat. Ann. 140/1 et seq. (West 2010), or under any aspect of the Personnel Record Review Act ("PRRA"), 820 Ill. Comp. Stat. Ann. 40/1 et seq.[1] As

---

[1] In their response, Plaintiffs do not argue against Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Local Rule 83.53.6 of the United States District Court for the Northern District of Illinois, both restricting "extrajudicial statement[s]."

set forth below, Plaintiffs' argument is illusory, and the proposed protective order must be entered encompassing the CRs.

## II. THE FREEDOM OF INFORMATION ACT PROVIDES "GOOD CAUSE" UNDER RULE 26(C) TO ENTER A PROTECTIVE ORDER ENCOMPASSING THE CRS.

Foremost, Plaintiffs agree the FOIA provides "good cause" for Rule 26(c) to enter a protective order encompassing the CRs' "private information." (See Pls.' Resp. 2.) But they argue the FOIA does not support "good cause . . . beyond the private information, as defined above," citing 5 Ill. Comp. Stat. Ann. 140/2(c-5). (Pls.' Resp. 2.)[2] To oppose broader protection under the FOIA, Plaintiffs arrange a red herring fallacy and undeveloped public policy argument. Because both arguments are illusory, the proposed protective order must be entered with the FOIA providing "good cause" under Rule 26(c) to encompass the CRs.

**A. Despite Plaintiffs' Red Herring Fallacy, the Freedom of Information Act Provides "Good Cause" under Rule 26(c) to Enter a Protective Order Encompassing the CRs.**

The FOIA provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs, despite Plaintiffs' red herring fallacy. (See Pls.' Resp. 2–3.) That is, Plaintiffs argue against one chosen provision of the FOIA—while failing to address the 2010 amendments of the FOIA or this Court's decisions applying the amendments. (Id.)[3]

---

[2] Under the FOIA, exemption of "private information" concerns all people—everyday citizens and police officers, alike. 5 Ill. Comp. Stat. Ann. 140/7(1)(b); id. at 2(c-5).

[3] Conspicuously, Plaintiffs cite only decisions from 2005 to 2009, choosing to present earlier decisions and "respectfully submit[] that this Court should follow these judges' reasoning." (Pls.' Resp. 3.) But these decisions were reasoned before the FOIA amendments of 2010. For instance, Bond v. Utreras, No. 04-cv-2617, 2007 WL 2003085 (N.D. Ill. July 2, 2007), rev'd, 585 F.3d 1061 (7th Cir. 2009), and Gekas v. Williamson, 912 N.E.2d 347, 393 Ill. App. 3d 573 (Ill. App. Ct. 4th Dist. 2009), construed only one exemption of the FOIA in 2007, which was 5 Ill. Comp. Stat. Ann. 140/7(1)(b) (West 2009) and which is now 5 Ill. Comp. Stat. Ann. 140/7(1)(c) (West 2010).

The Illinois legislature amended the FOIA, effective January 1, 2010, to make the following "exempt from disclosure":

> (n) Records relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed.

5 Ill. Comp. Stat. Ann. 140/7(1)(n). And "[i]t is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no farther than those words in interpreting the statute." Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004) (citation omitted).

Consequently, this Court has routinely found the plain language of subsection 7(1)(n) of the FOIA supports a protective order encompassing the CRs. E.g., Bell v. City of Chicago, 09-cv-0754, 2010 WL 753297, at *2 (N.D. Ill. Feb. 26, 2010) ("Thus, under the plain language of the newly amended FOIA, CRs are exempted from disclosure, and the Court need not engage in any additional analysis to determine whether they are entitled to protection from disclosure under the Illinois FOIA."); Alva vs. City of Chicago, 08-cv-6261, slip op. at 4 (N.D. Ill. Apr. 16, 2010) ("In sum, based on the plain language of the recent FOIA amendment, the CRs are exempted from public disclosure unless discipline was imposed. . . . The Court is not inclined to disregard that legislative determination, thus concludes that CRs are exempt from disclosure to the extent set forth in Section 140/7(1)(n)."); Livingston v. McDevitt, 09-cv-7725, slip. op. at 3 (N.D. Ill. May 10, 2010) ("'[T]he plain language of the statute includes documents in a CR or disciplinary file because they 'relate to' a public body's adjudications."); Clark v. City of Chicago, 10-cv-01803, slip op. at 2 (N.D. Ill. Oct. 13, 2010) ("We agree that since the CR files are an integral part of the disciplinary process, the CR files should be considered records relating to an adjudication of disciplinary cases, and thus they are subject to a protective order. This holding is consistent with the plain language of 5 Ill. Comp. Stat. Ann. 140/7(1)(n).").

Therefore, the FOIA provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs, despite Plaintiffs' red herring fallacy.

**B. Despite Plaintiffs' Illusory Public Policy Argument, the Freedom of Information Act Provides "Good Cause" under Rule 26(c) to Enter a Protective Order Encompassing the CRs.**

The FOIA also provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs, despite Plaintiffs' illusory public policy argument. (Pls.' Resp. 2–3.) In particular, Plaintiffs argue "[t]he public's interest in transparency outweighs the officers' privacy interest." (Id.)[4] But their argument is illusory because: 1) the "public's interest in transparency" was deliberately weighed by the political branch of government, the Illinois legislature; 2) the "public's interest in transparency" was found outweighed by competing interests; and 3) the "public's interest in transparency" is addressed legislatively—not by public dissemination of private pretrial discovery.

First, the Illinois legislature "declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information . . . consistent with the terms of [the FOIA]." 5 Ill. Comp. Stat. Ann. 140/1 (emphasis added). And the Illinois legislature enacted "limited exceptions," authorizing "[r]estraints on access to information." Id.; see also id. ("This Act is not intended . . . to disrupt the duly-undertaken work of any public body."). These legislatively-authorized "[r]estraints on access to information" were enacted in the provisions of the FOIA. Id. at 140/7(1); see supra at 3–4 (collecting this Court's recent decisions on the deference owed to the Illinois legislature's determination in the FOIA).

---

[4] Plaintiffs' quotation that the "information . . . has a distinct public character, as it relates to the defendant officers' performance of their official duties," (Pls.' Resp. 3), is an argument to interpret a subsection of the FOIA. The subsection exempting information for an "invasion of personal privacy" had a proviso for "information that bears on the public duties of public employees." 5 Ill. Comp. Stat. Ann. 140/7(1)(b) (West 2009); accord Bond, 2007 WL 2003085, at *2, rev'd, 585 F.3d 1061 (interpreting subsec. 7(1)(b) of the FOIA).

Indeed, the Illinois legislature enacted specific statutes to serve what Plaintiffs call the "public's interest in transparency." Accord 65 Ill. Comp. Stat. Ann. 5/10-1-18 (municipalities with population of 500,000 or less); id. at 10-1-18.1 (municipalities with population of more than 500,000). In the Illinois Municipal Code, the Illinois legislature requires municipalities to "publish a status report on its investigations of allegations of unreasonable force" annually with specific information. Id. at 10-1-18, 10-1-18.1.[5] Therefore, Plaintiffs' public policy argument is illusory because the Illinois legislature, the political branch of government, has deliberately weighed the "public's interest in transparency" with specific statutory enactments in the FOIA, 5 Ill. Comp. Stat. Ann. 140/1 et seq., and the Illinois Municipal Code, 65 Ill. Comp. Stat. Ann. 5/10-1-18, 10-1-18.1.

Second, the Illinois legislature found the "public's interest in transparency" was outweighed by competing interests. Accord 5 Ill. Comp. Stat. Ann. 140/1; id. at 7(1); 65 Ill. Comp. Stat. Ann. 5/10-1-18, 10-1-18.1. As discussed above, the Illinois legislature enacted "limited exceptions" in the FOIA, authorizing "[r]estraints on access to information" and imbuing confidentiality to the CRs. 5 Ill. Comp. Stat. Ann. 140/1, 7(1)(n); see supra at 3–4 (collecting this Court's recent decisions on the confidentiality owed to CRs under the FOIA).

Likewise, the Illinois legislature declared "information underlying . . . status reports [on investigations of allegations of unreasonable force] shall be confidential and exempt from public inspection and copying, as provided under Section 7 of the [FOIA]." 65 Ill. Comp. Stat. Ann. 5/10-1-18, 10-1-18.1.[6] And the Illinois legislature declaimed "status reports shall not disclose the identity

---

[5] Accord Chicago Police Department, 2008 Annual Report, at 72, available at https://portal.chicagopolice.org/portal/page/portal/ClearPath/News/Statistical%20Reports/Annual%20Reports/2008%20Annual%20Reports/08AR.pdf (last accessed Nov. 18, 2010) (publishing its status report).

[6] Defendants are not introducing a new argument, stating only a presumption of statutory consistency exists between the FOIA and the Illinois Municipal Code. That is, the referential phrase

of any witness or victim, nor shall they disclose the identity of any police officer who is the subject of an allegation of unreasonable force against whom a charge has not been filed." Id. at 10-1-18, 10-1-18.1.  Therefore, Plaintiffs' public policy argument is illusory because the Illinois legislature—the political branch of government—has specifically found the "public's interest in transparency" outweighed by competing interests.

Third and finally, the "public's interest in transparency" is addressed legislatively—not by public dissemination of private pretrial discovery. See Bond v. Utreras, 585 F.3d 1061, 1076 n.10 (7th Cir. 2009); see also United States ex rel. Chandler v. Cook County, 277 F.3d 969, 981 (7th Cir. 2002) ("[O]rder implicates regulations protecting the confidentiality and integrity of federally-funded substance abuse programs"; release of "records would cause serious harm to those patients' privacy rights and to the federal programs protected by a comprehensive regulatory scheme.").

In addressing the CRs and their confidentiality, Bond first admonished that "[u]nfiled discovery is private, not public." Bond, 585 F.3d at 1066; accord Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) ("[P]retrial depositions and interrogatories are not public components of a civil trial."). Bond overturned the district court's finding of "a freestanding public right of access to unfiled discovery" and then added:

> [Appellee] has not sought access to the documents under the Illinois Freedom of Information Act . . . presumably on the assumption that they are exempt . . . . Even if he had, it would not make a difference. The protective order does not interfere with [appellee's] ability to try and obtain the documents he seeks directly from the City under the Illinois FOIA. . . . [N]othing in the protective order here prohibits

---

"as provided under Section 7 of the Freedom of Information Act" makes clear the "information" is "exempt." 65 Ill. Comp. Stat. Ann. 5/10-1-18, 10-1-18.1. Separately, the "information" is "confidential," as provided in the Illinois Municipal Code and without reference to the FOIA. Id. at 10-1-18, 10-1-18.1; see generally Singer and Singer, 2A Sutherland Statutes and Statutory Construction § 47:33 (7th ed. 2010) (explaining the rule of the last antecedent).

> the City from disclosing any of its police department records to the public upon request.

Bond, 585 F.3d at 1076 n.10; accord Seattle Times Co., 467 U.S. at 37 (Valid protective order "does not restrict the dissemination of the information if gained from other sources.").

In fact, this Court has routinely rejected Plaintiffs' argument, finding the "public's interest in transparency" is addressed legislatively. E.g., Bell, 2010 WL 753297, at *3 ("While the Plaintiff's argument that the public has a vital interest in the disclosure of these records is eloquent, accepting Plaintiff's position would provide the public access to documents that the Illinois legislature has seen fit to protect, simply because a lawsuit has been filed."); Bradley v. Parker, 09-cv-4538, slip. op. at 2 (N.D. Ill. July 29, 2010) ("If Bradley desires to monitor public servants in his role as a member of the public, and to obtain information for 'the citizens of Chicago,' . . . the instant action is not the proper forum in which to do so. Whether a concerned member of the public can access a CR pursuant to FOIA or other statute is not the issue before this court.").

In this action, Plaintiffs seek to prove—with the aid of private pretrial discovery—their civil rights and state law claims arising from a traffic stop and prosecution of a traffic ticket. (See Pls.' First Am. Compl.) Separately, to address "public's interest in transparency," Plaintiffs may seek information through the FOIA, bring an action challenging the FOIA or a response under the FOIA, or move the Illinois legislature and its legislation democratically. But this action is not about the political question of the "public's interest in transparency."[7] Thus, Plaintiffs' public policy argument is illusory because the "public's interest in transparency" is addressed legislatively—not by public dissemination of private pretrial discovery.

---

[7] Cf. In re High Fructose Corn Syrup Antitrust Litig., 216 F.3d 621, 624 (7th Cir. 2000) (Rule 26(c) protects informational privacy "beyond what the plaintiffs require to prosecute their antitrust case effectively").

In sum, the FOIA provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs, despite Plaintiffs' illusory public policy argument because: 1) the "public's interest in transparency" was deliberately weighed by the political branch of government, the Illinois legislature; 2) the "public's interest in transparency" was found outweighed by competing interests; and 3) the "public's interest in transparency" is addressed legislatively—not by public dissemination of private pretrial discovery.

### III. THE PERSONNEL RECORD REVIEW ACT PROVIDES "GOOD CAUSE" UNDER RULE 26(C) TO ENTER A PROTECTIVE ORDER ENCOMPASSING THE CRS.

Plaintiffs argue that no aspect of the PPRA provides "good cause" under Rule 26(c). (Pls.' Resp. 1–2.) Contrary to Plaintiffs' one sentence argument, the PPRA provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs. See, e.g., Fed. R. Civ. Pro. 26(c)(1)(B).

The PPRA makes personnel records confidential "without written notice" of their divulgence. 820 Ill. Comp. Stat. Ann. 40/7. Specifically, "[a]n employer or former employer shall not divulge . . . other disciplinary action to a third party . . . without written notice." Id. at 7(1). And "[i]f an employer fails to abide by the [PPRA], an aggrieved employee may seek not only compliance but also sanctions against the employer through administrative, and in some cases, judicial channels." Park v. City of Chicago, 297 F.3d 606, 609 (7th Cir. 2002) (citing 820 Ill. Comp. Stat. Ann. 40/2, 12). Indeed, "[i]nformation prohibited from being disclosed by the Personnel Records Review Act" is also "exempt from inspection and copying" under the FOIA, which authorizes "[r]estraints on access to information." 5 Ill. Comp. Stat. Ann. 140/1, 7.5(q). Thus, the PPRA provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs with, at least, a notice requirement.

In their response, Plaintiffs first argue the PPRA does not support "good cause" under Rule 26(c) because the PPRA "is directed at personnel files only (not CR register documents)." (Pls.' Resp. 1.) The PPRA's plain language belies the argument because the PPRA states broadly "other disciplinary action." 820 Ill. Comp. Stat. Ann. 40/7(1). The breadth of "other disciplinary action" is clear under a presumption of statutory consistency;[8] the PPRA concerns "personnel documents which are, have been or are intended to be used in determining that employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action." Id. at 40/2. Plainly, the CRs "are, have been or are intended to be used in determining . . . other disciplinary action." Id.; accord 5 Ill. Comp. Stat. Ann. 140/7.5(q) ("Information prohibited from being disclosed by the [PPRA]" is also "exempt from inspection and copying" under the FOIA.). Therefore, the PPRA provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs.

Second, Plaintiffs argue the PPRA does not support "good cause" under Rule 26(c) because the PPRA "excludes from its prohibited disclosures disciplinary actions 'ordered to a party in a legal action.'" (Pls.' Resp. 2.) Defendants, however, have not been "ordered" to produce the CRs. 820 Ill. Comp. Stat. Ann. 40/7(3)(b). Quite the opposite, Defendants have sought a protective order designating the CRs confidential.[9] Therefore, the PPRA provides "good cause" under Rule 26(c) to enter a protective order encompassing the CRs.

---

[8] "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because the same terminology is used elsewhere in a context that makes its meaning clear." United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988).

[9] Additionally, a protective order under Rule 26(c) may "specify[] terms . . for the disclosure or discovery." Fed. R. Civ. Pro 26(c)(1)(B). If Defendants are "ordered" to produce the CRs within the terms of the PPRA, 820 Ill. Comp. Stat. Ann. 40/7(3)(b), the protective order would continue the privacy considerations of the PPRA. (See Defs.' Mot. ¶ 3.)

**IV. IN THE ALTERNATIVE, DEFENDANTS SEEK INCLUSION OF A DISCLOSURE PROCEDURE.**

In the event this Court denies Defendants' motion and enters Plaintiffs' proposed protective order (or some other version), Defendants request that an appropriate disclosure procedure be put into place. While the Rangel holding to be incorrect and irreconcilable with Illinois FOIA and Illinois public policy, Defendants believe the disclosure procedure contained within the Rangel protective order, although itself providing a very truncated notice period, is appropriate where CR files are somehow not deemed protected. Rangel v. City of Chicago, No. 10 C 2750 (N.D. Ill. Sept. 13, 2010, Lefkow, J.). The protective order entered in Rangel calls for a disclosure procedure "because there is no presently demonstrated need to use or disclose [CR] information for purposes other than this litigation, the court will require, should an occasion arise in which plaintiffs's counsel intend to disclose CR information to a person not involved with this litigation, that 30 days' notice be given to the officer to permit him or her to demonstrate by way of motion for a protective order a compelling reason for protection." Rangel, 10 C 2750, p. 9. It should be noted that this procedure also provides for a court-monitored redaction process for specific information still deemed confidential prior to any public dissemination similarly employed even by the Gekas Court. Thus, if this Honorable Court declines to designate as confidential CR and/or personnel files, there should be an appropriate disclosure procedure put into place, ideally with 30 days notice of such public dissemination provided to opposing counsel.

**CONCLUSION**

Defendants respectfully request this Court grant their Motion for Entry of a Protective Order (ECF No. 19) because "good cause" under Rule 26(c) of the Federal Rules of Procedure has been established.

Respectfully submitted,


By: /s/ *Leora Tyree*

Leora Tyree
Assistant Corporation Counsel
City of Chicago
Department of Law