IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEA CUNNINGHAM and ANTHONY ROBINSON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>) No. 10 C 2997<br>PATRICK JOHNSON, Star No. 20637, )<br>JAMES DAVIS, Star No. 17108, )<br>DALE CARIDINE, JR., Star No. 13333, )<br>UNKNOWN AND UNNAMED OFFICERS, )<br>and THE CITY OF CHICAGO, )<br>)<br>Defendants. | |

**ORDER**

Currently before me is defendants' motion for a protective order. Although the parties appear to have reached general agreement concerning the need for a protective order, disagreement remains over whether complaint registers ("CRs") -- citizen complaints against officers -- should be subject to disclosure. "Under Fed. R. Civ. P. 26(c), the district court has the power to issue a protective order only upon a showing of 'good cause.'" *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). "In deciding whether good cause exists, the district court must balance the interests involved: the harm to the party seeking the protective order and the importance of disclosure to the public." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997).

Defendants have failed to show good cause for subjecting CRs

to a protective order. They first argue that the CRs are protected from disclosure by the Illinois Freedom of Information Act ("IFOIA" or "the Act"), 5 ILCS 140/1 *et. seq.*[1] This question has in fact arisen with great frequency in § 1983 actions against the City of Chicago. Citing the importance to the public of information concerning police officers' performance of their official duties, courts have often rejected requests to make CRs subject to protective orders. *See, e.g.*, *Padilla v. City of Chicago*, 669 F. Supp. 2d 911 (N.D. Ill. 2009); *Fuller v. City of Chicago*, No. 09 C 1672 (N.D. Ill. Nov. 10, 2009); *Goldhamer v. Nagode*, No. 07 C 5836, 2009 WL 3680201 (N.D. Ill. Nov. 2, 2009); *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL 3215558 (N.D. Ill. June 23, 2005).

In January 2010, however, the IFOIA was amended to include subsection (n), which provides: "Records relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed." A number of courts have concluded on the basis of this amendment that the IFOIA is intended to forbid disclosure of CRs. *See, e.g.*, *Clark v. City of Chicago*, 10 C 01803 (N.D. Ill. Oct. 13, 2010) (Der-Yeghiayan, J.); *Livingston v. McDevitt*, 09 C 7725 (N.D. Ill. May 10, 2010) (St.

---

[1] State limits on discovery are not binding in federal suits based on federal question jurisdiction. *See, e.g.*, *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (Weinstein, J.). Nevertheless, defendants may rely on the IFOIA in arguing that there is good cause for subjecting CRs to a protective order.

Eve, J.); *Alva v. City of Chicago*, 08 C 6261 (N.D. Ill. Apr. 16, 2010) (Dow, J.); *Bell v. City of Chicago*, 09 C 0754, 2010 WL 753297, at *2 (N.D. Ill. Feb. 26, 2010) (Keys, Mag. J.).

As recently pointed out in *Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991 (N.D. Ill. Sept. 13, 2010) (Lefkow, J.), however, the addition of subsection (n) in fact represents only a modest change to the Act. Indeed, the pre-2010 version of the statute contained a similar provision in subsection (u), which proscribed disclosure of "information concerning any public body's adjudication of student or employee grievances or disciplinary cases, except for the final outcome of the cases." 5 ILCS § 140/7(1)(u) (West 2009). When juxtaposed with the statute's current language, the only difference appears to be the substitution of (1) "records relating to" a public body's adjudication of employee grievances or disciplinary cases for (2) "information concerning" any public body's adjudication of student or employee grievances or disciplinary cases. As *Rangel* persuasively argues, it is difficult to regard this amendment as signaling an intention to dramatically expand the scope and type of material covered by the IFOIA. Decisions reaching the contrary result appear simply to disregard previous subsection (u).

Defendants also argue that good cause for precluding disclosure of the CRs can be based on the Illinois Personnel

Records Review Act ("PRRA"), 820 ILCS 40/0.01 *et seq.*[2] In particular, they rely on section 7 of the PRRA, which provides: "An employer or former employer shall not divulge a disciplinary report, letter of reprimand, or other disciplinary action to a third party, to a party who is not a part of the employer's organization, or to a party who is not a part of a labor organization representing the employee, without written notice as provided in this Section." 820 ILCS 40/7(1). This argument fails for several reasons. First, the PRRA does not prohibit disclosure of information; it merely prohibits disclosure without written notice. In addition, the Act incorporates a specific exception for information whose disclosure is "ordered to a party in a legal action or arbitration," 820 ILCS 40/7(3)(b), and specifically contemplates disclosure of information pursuant to FOIA requests, *see, e.g.*, 820 ILCS 40/7(4) ("An employer who receives a request for records of a disciplinary report, letter of reprimand, or other disciplinary action in relation to an employee under the Freedom of Information Act may provide notification to the employee in written form as described in subsection (2) or through electronic mail, if available.").

---

[2] Defendants also claim that good cause to include CRs in the protective order can be based on Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules. However, defendants have not developed these claims or provided any argument in support of them. Accordingly, I do not discuss them.

For these reasons, I deny defendants' motion for a protective order insofar as they seek a categorical ban on disclosure of CRs. However, this does not mean that all information contained in CRs may be disclosed. CRs may include personal identifiers of officers and their families, as well as of non-party civilian witnesses; CRs may also include medical information protected by federal law. To the extent that such information is found in the CRs, it should be redacted. Indeed, plaintiffs themselves have stated that they dispute only the inclusion of details regarding citizen complaints in the protective order.

The defendants have also asked that if their blanket request to prohibit disclosure of CRs is denied, a disclosure procedure be established to govern release of the information. Specifically, they ask for a procedure similar to the one used in *Rangel*. There, the court observed that the plaintiff had shown no need for disclosure of information included in CRs for purposes other than the litigation. The court therefore stated that if an occasion were to arise in which plaintiff's counsel intended to disclose CR information to a person not involved with this litigation, seven days' notice was to be "given to the officer to permit him or her to demonstrate by way of motion for a protective order a compelling reason for protection, such as danger to oneself or a member of one's family." *Rangel*, 2010 WL 3699991, at *4.

-5-

I approve the use of these disclosure procedures in this case. However, I reject defendants' request that thirty days' notice, instead of seven, be given prior to dissemination.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 8, 2010